IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GARY LAVITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-cv-1275-JPG |
| | ) | |
| JOHN LAKIN | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Gary A. Lavite, an inmate in the Madison County Jail, filed a motion for a preliminary injunction on November 22, 2017. (Doc. 1). Plaintiff seeks medical testing related to a skull fracture he suffered on April 24, 2017, prior to his arrest on September 21, 2017. (Doc. 1, p. 1). Plaintiff also makes allegations that appear unrelated to his skull fracture. For example, he complains that on September 27, 2017 he was placed in a cold and dark segregation cell, that he has been denied a warm and balanced diet, toilet paper, mail, visits, a toothbrush, and missed several meals. *Id*. Plaintiff also claims that his attorney ordered a neurologist to examine him, but that jail officials would not let the doctor in, and that he needs surgery. *Id.*

Because Plaintiff is a prisoner, the Court must conduct a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. This is not possible, however, because Plaintiff failed to file a complaint. The Federal Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. This is "the first step in the action." *Id*., Advisory Committee Notes, 1937 Adoption. Plaintiff's Preliminary Injunction (Doc. 1) does not suffice as a complaint because it does not contain a statement of the grounds for the court's jurisdiction under Fed. R. Civ. P. 8.

1

Although *pro se* litigants are not held to the same standards that apply to licensed attorneys, *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999), they are not entitled to general dispensation from the rules of civil procedure. *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). The requirement that all plaintiffs must file a complaint is a fundamental rule in our legal system. Without a complaint, the Court cannot ascertain the basis for jurisdiction. *See Bell v. Hood*, 327 U.S. 678, 681-82 (1946); *Greater Chicago Combine & Ctr., Inc. v. City of Chicago*, 431 F.3d 1065, 1069-70 (7th Cir. 2005). Nor can the Court determine the exact causes of action that Plaintiff intends to bring against the defendant. Plaintiff is required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2).

By way of example only, the case caption in the Preliminary Injunction refers only to John Larkin, (Sheriff). (Doc. 1, p. 1). Yet the body of the motion makes no mention of Larkin at all and does not contain any facts from which the Court could conclude that Larkin is personally involved in the conduct Plaintiff raises. *Id.* Plaintiff has not associated his claims with any person, much less a named defendant. *Id.* In the absence of a complaint that identifies each defendant who is responsible for a violation of Plaintiff's rights and the conduct giving rise to each claim, the Court is unable to fully analyze Plaintiff's claims or consider request his for a preliminary injunction.

This is not Plaintiff's first lawsuit; he has filed at least 5 other lawsuits in this Court complaining of conditions of his incarceration. Plaintiff has initiated all of his prior lawsuits with a complaint, suggesting that he is familiar with the requirement. Additionally, in 2013, Plaintiff filed Case No. 13-cv-576, which proceeded before the undersigned judge. During that

2

suit, Plaintiff filed a Temporary Restraining Order in lieu of an amended complaint, and the Court did not allow him to proceed in that manner. (Case No. 13-576, Docs. 12-13). There is at least some suggestion in this Court's docket that Plaintiff is aware of the complaint requirement.

While the Court takes Plaintiff's allegations seriously, it will not waive the requirements in the Federal Rules of Civil Procedure. Plaintiff's Motion for Preliminary Injunction will be held in abeyance until such time as he files a proper complaint. (Doc. 1).

**IT IS FURTHER ORDERED** that on or before December 27, 2017 Plaintiff shall file a complaint, thereby initiating this action. Plaintiff is reminded that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Plaintiff is encouraged to use the Court's standard civil rights complaint form to prepare the pleading. He must clearly identify which claim(s) he is bringing against each defendant. In particular, the allegations should demonstrate which defendants are personally responsible for any claimed violation of his rights.

Plaintiff is further reminded that he may not bring several unrelated claims against different defendants in the same complaint. Such unrelated claims are subject to severance into one or more separate actions, and Plaintiff will be obligated to pay a separate filing fee for each action. *See George v. Smith*, 507 F.3d 605 (7th Cir. 2007) (unrelated claims against different defendants belong in separate lawsuits). If Plaintiff wishes to avoid severance and the associated filing fees, he should limit his complaint to claims that are factually and legally related.

Plaintiff is hereby **WARNED** that failure to file a proper complaint by the prescribed deadline will result in dismissal of this action for lack of subject matter jurisdiction. Such a dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

The Clerk is **DIRECTED** to mail Plaintiff a standard Civil Rights Complaint form and instructions for a person in custody.

Finally, Plaintiff is advised that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing not later than seven (7) days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 28, 2017**

*s/J. Phil Gilbert*
**United States District Judge**