## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY A. LAVITE,               ) | |
| )                              | |
| Plaintiff,              ) | |
| )                              | |
| vs.                            ) | Case No. 17−cv−1275−JPG |
| )                              | |
| JOHN LAKIN,                    ) | |
| PAUL SARDAGE,                  ) | |
| JAY SANDIDGE,                  ) | |
| RANDY YOUNG,                   ) | |
| PATTERSON,                     ) | |
| BLAKEY, and                    ) | |
| CRAIG                          ) | |
| )                              | |
| Defendants.             ) | |

## **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Gary A. Lavite, an inmate in Madison County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff requests injunctive relief and damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

Plaintiff submitted a motion for a preliminary injunction to the Court on November 22, 2017. (Doc. 1). On November 28, 2017, the Court instructed Plaintiff that it was inappropriate to initiate an action without a complaint, and directed Plaintiff to file a complaint no later than December 27, 2017. (Doc. 3). Plaintiff submitted the Complaint on December 5, 2017.

The motion for preliminary injunction stated that Plaintiff suffered a skull fracture prior to his incarceration on April 24, 2017, for which he was transferred to Barnes Jewish Hospital. (Doc. 1, p. 1). Plaintiff entered Madison County Jail on September 22, 2017, and told the staff that he had a skull fracture. (Doc. 5, p. 5). He alleges that an unknown nurse called him a liar, and charged him $10 to order his medical records. *Id.*

Plaintiff filed a grievance over the medical care, and in response, Randy Young sent him to segregation. *Id.* Plaintiff was in segregation from September 28, 2017 until November 8, 2017. *Id.* Plaintiff alleges that the cell lacked running water or hot water, and that "they" took his toothbrush and toilet paper. *Id.* Plaintiff was also deprived of warm food in favor of chips

2

and cookies. *Id.* Sardage threatened Plaintiff that he would "choke the life out of him," and served Plaintiff spoiled food. *Id.* Sandidge consistently threw Plaintiff's trays on the ground and/or denied Plaintiff food. (Doc. 5, pp. 5-6). Patterson taunted Plaintiff and "played games" with his food and drinking water. (Doc. 5, p. 6). Blakey and Craig denied Plaintiff water and threw food across the cell *Id.* Plaintiff was also deprived of a shower for over a month. *Id.* As a result of the food deprivations, Plaintiff felt weak and sick, and believes that his ribs became more prominent. *Id.*

Plaintiff attached a copy of a grievance and the relevant responses to the Complaint, alleging that he has not received his medication for his skull fracture or his asthma, and that he needs an outside referral for further hospital tests and surgery as a result of his skull fracture because he is dizzy all the time, drools, and has vision problems with his left eye. (Doc. 8, p. 12). Young's response indicates that Plaintiff had been given Elavil and Albuterol to treat his symptoms from his skull fracture and his asthma, and that no medical provider had determined that Plaintiff needed additional follow up care from Barnes for his skull fracture. (Doc. 5, pp. 9-10).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 4 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claims survive threshold review:

> **Count 1** – Nurse John Doe and Randy Young were deliberately indifferent to Plaintiff's serious medical needs in violation of the Fourteenth Amendment;
>
> **Count 2** – Young retaliated against Plaintiff for filing a grievance by sending him to segregation in violation of the First Amendment;

> **Count 3** – Plaintiff was subjected to unconstitutional conditions of confinement in segregation in violation of the Fourteenth Amendment by Young, Patterson, Blakey, and Craig;
>
> **Count 4** – Sardage, Sandidge Patterson, Blakey, and Craig denied Plaintiff adequate nutrition in violation of the Fourteenth Amendment.

Plaintiff's status at the time he filed the Complaint is unclear. He appears to be a pre-trial detainee. The Due Process clause of the Fourteenth Amendment prohibits punishment of persons who have not yet been convicted of a crime. *Bell v. Wolfish*, 441 U.S. 520, 536, n. 16 (1979); *Smith v. Dart*, 803 F.3d 304, 310 (7th Cir. 2015); *Martin v. Tyson*, 845 F.2d 1451, 1455 (7th Cir. 1988). As Plaintiff was a pre-trial detainee, the analysis proceeds under the Fourteenth Amendment, although the Seventh Circuit has noted that conditions of confinement claims under the Fourteenth Amendment have "little practical difference" from claims brought pursuant to the Eighth Amendment. *Smith*, 803 F.3d at 310. Claims brought pursuant to the Fourteenth Amendment may be analyzed under Eighth Amendment standards. *Id.* (citing *Smego v. Mitchell*, 723 F.3d 752, 756 (7th Cir. 2013) ("[T]he protection afforded under [the Due Process Clause] is functionally indistinguishable from the Eighth Amendment's protection for convicted prisoners."); *Hart v. Sheahan*, 396 F.3d 887, 892 (7th Cir. 2005) ("[T]he standards applicable to complaints by convicts and by pretrial detainees about unsafe conditions of confinement merge.")) (other citations omitted).

Prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d

722, 727 (7th Cir. 2016). An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective element requires proof that the defendant knew of facts from which he could infer that a substantial risk of serious harm exists, and he must actually draw the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Here Plaintiff has alleged that he suffers from dizziness, a "lame" eye socket, drooling, and vision issues with his left eye as a result of a pre-incarceration concussion. He has also alleged that he suffers from asthma. At the pleading stages, these are sufficient allegations of a serious medical need. Plaintiff has alleged that nurse John Doe refused to provide adequate screening and treatment at intake and that he still is not receiving adequate treatment for his head injury. Plaintiff has adequately alleged that nurse John Doe was deliberately indifferent to his serious medical needs.

Plaintiff also raises a deliberate indifference claim against Young. He has alleged that he filed a grievance regarding these issues to Young, and that Young knew of the allegations. Young may have been on notice of Plaintiff's serious medical needs, *see Perez v. Fenoglio*, 792 F.3d 768, 781-82 (7th Cir. 2015), but the exhibits attached to the Complaint do not show that he was deliberately indifferent to Plaintiff's concerns. In response to Plaintiff's grievances, Young researched the medical treatment Plaintiff received at Madison County Jail. Young's response indicates that the jail medical staff had restarted Elavil, a medication Plaintiff was prescribed after his concussion, and made Plaintiff's Albuterol inhaler available to him. The response also noted that no outside doctor has registered to see Plaintiff, and that neither the jail physician nor

5

the nurse practitioner has recommended an outside referral to Barnes Jewish Hospital. Young acted when confronted with Plaintiff's grievances. Plaintiff's exhibits establish that he contacted medical staff and researched Plaintiff's allegations. The medical staff told Young that they had restarted medication to address Plaintiff's claims, and that further treatment was not recommended at this time. Young is entitled to rely on the judgment of the medical staff. *Hayes v. Snyder*, 546 F.3d 516, 527-28 (7th Cir. 2008). Plaintiff has also not alleged that the information contained Young's responses is false or that Young had reason to believe it was false. As Young researched and responded to Plaintiff's grievance, he cannot be said to have been deliberately indifferent to his complaints. Young will be dismissed from **Count 1** without prejudice.

Plaintiff has also made an allegation that he was charged a co-pay for medical visits. The right of jails and prisons to recoup reasonable expenses for medical care to those in their custody is well-established, *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012), and Plaintiff's claim that he was improperly charged a co-pay is patently frivolous. To the extent that Plaintiff is including a claim about an improper co-pay in his deliberate indifference claim, that claim is dismissed.

As to **Count 2**, Plaintiff has alleged that Young sent him to segregation after he filed a grievance. To succeed on a First Amendment Retaliation claim, a plaintiff must prove 1) that he engaged in conduct protected by the First Amendment; 2) that he suffered a deprivation that would likely deter First Amendment activity in the future; and 3) that the protected conduct was a "motivating factor" for taking the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

Filing a truthful grievance constitutes protected activity under the First Amendment. *Harris v. Walls*, 604 F. App'x 518, 521 (7th Cir. 2015). Plaintiff has satisfied the first element of a retaliation claim. Plaintiff has also alleged that the conditions in segregation were poor, which the Court discusses more in depth below, and that he was sent to segregation immediately after filing the grievance. Plaintiff has also alleged that the conditions in segregation deprived him of life's minimal necessities, a circumstance that could plausibly have the effect of deterring First Amendment conduct. Additionally, the timing creates an inference of retaliatory intent. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994). Therefore, **Count 2** shall be permitted to proceed against Young as this time.

As to **Count 3**, the Eighth Amendment can be violated by conditions of confinement in a jail or prison when (1) there is a deprivation that is, from an objective standpoint, sufficiently serious that it results "in the denial of 'the minimal civilized measure of life's necessities,' " and (2) where prison officials are deliberately indifferent to this state of affairs. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). Prisons must have adequate ventilation, sanitation, bedding, and hygiene products. *Lewis v. Lane*, 816 F.2d 1165, 1171 (7th Cir. 1987).

Prison officials demonstrate deliberate indifference when they "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn . . . and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff alleges that he was deprived of water, hygiene supplies, and showers while in segregation. As water is one of life's necessities, Plaintiff has stated a valid claim that he was

deprived of constitutionally adequate conditions. **Count 3** shall therefore proceed against the Defendants.

Finally, Plaintiff has alleged that various guards interfered with his food, or gave him nutritionally inadequate food. Correctional officials are obligated to provide "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it." *French v. Owens,* 777 F.2d 1250, 1255 (7th Cir. 1985), *cert. denied,* 479 U.S. 817, (1986) (quoting *Ramos v. Lamm,* 639 F.2d 559, 571 (10th Cir. 1980), *cert. denied,* 450 U.S. 1041 (1981)). Withholding food is not a *per se* objective violation of the Constitution; courts must assess the amount and duration of the deprivation. *Reed v. McBride,* 178 F.3d 849, 853 (7th Cir.1999).

Here Plaintiff has alleged both that food was withheld from him and that it was nutritionally inadequate. It is not clear what the duration or amount of the deprivation was, but Plaintiff has alleged that he experienced symptoms of food deprivation, suggesting that the deprivations were significant. For these reasons, **Count 4** shall also be permitted to proceed against the defendants.

Plaintiff has named John Lakin, the Sheriff of Madison County, as a Defendant, but Plaintiff has not made any allegation that Lakin was personally involved in the conduct of which he complains. Lakin proceeds in this case as a Defendant for the purposes of injunctive relief only.

### **Pending Motions**

Plaintiff's Motion for Leave to proceed in forma pauperis remains pending and will be addressed by a separate order. (Doc. 4).

Plaintiff's Motion for a Preliminary Injunction is referred to a United States Magistrate Judge for disposition. (Doc. 1).

**Disposition**

**IT IS HEREBY ORDERED** that **Counts 1-4** survive threshold review. Young is dismissed without prejudice from Count 1 only.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Lakin, Sardage, Sandidge, Young, Patterson, Blakey, and Craig (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendant until such time as Plaintiff has identified him or her by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for this individual.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting

service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 18, 2017**

*s/J. Phil Gilbert*
**U.S. District Judge**